IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY BARNES, | NO.: 1:24-cv-26 |
| *Plaintiff,* | TYPE OF PLEADING: |
| v. | **COMPLAINT** |
| SECO TOOLS, INC. d/b/a SECO TOOLS USA, and SANDVIK, INC. | FILED ON BEHALF OF PLAINTIFF |
| *Defendants.* | COUNSEL OF RECORD FOR THIS PARTY: |
| | RICHARD E. FILIPPI, ESQUIRE<br>PA. I.D. NO.: 66525 |
| | FILIPPI LAW, P.C.<br>4TH & FRENCH STREETS<br>102 EAST 4TH STREET |
| **JURY TRIAL DEMANDED** | ERIE, PA. 16507 |
| | (814) 874-0558 |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY BARNES, | ) | NO.: |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SECO TOOLS, INC. d/b/a SECO TOOLS USA, and SANDVIK, INC. | ) | |
| | ) | |
| *Defendants.* | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT

### *Introductory Statement*

1. Plaintiff, Randy Barnes was a forty-eight (48) year employee of Defendant, Seco Tools, Inc. and Sandvik, Inc., its parent, (collectively "Seco Tools") when on March 28, 2022, he exercised his rights under the Family and Medical Leave Act ("FMLA") to take a leave of absence due to a disability. The Defendant, Seco Tools provided the Plaintiff with approximately twenty-six (26) weeks of FMLA when he initially applied. Following that period, it was the Defendant's precedential and customary policy to offer an additional three (3) months paid leave, with the caveat, however, that during that final three (3) months, should the employee desire to return to work, he must obtain a medical release indicating that he could return to full duty work before the end of the three (3) month period. Consistent with Defendant's policy, Plaintiff was technically terminated on September 27, 2022, however, his salary was continued until it ceased on November 19, 2022. Plaintiff was the only employee in memory not provided this full three (3) months additional leave. Furthermore, pursuant to prior precedent, Plaintiff provided the medical release before the end of

the three (3) month extension, which indicated he could return to work on December 19, 2022 which was within the additional extension period. Despite complying with Defendant's customary FMLA policy, Plaintiff remains terminated.

## *The Parties*

2. Plaintiff, Randy Barnes is an adult individual residing at 109 Wallen Point, Erie, Pennsylvania 16511, in Erie County.

3. Defendant, Seco Tools, Inc. d/b/a Seco Tools is an international corporation with this subsidiary organized and existing under the laws of the State of Delaware.

4. Defendant, Seco Tools, Inc. is authorized to conduct business in the Commonwealth of Pennsylvania.

5. Defendant, Seco Tools, Inc. maintains a registered office with Corporation Services Company, 2595 Interstate Drive, Harrisburg, Pennsylvania 17110, in Dauphin County.

6. Defendant, Seco Tools, Inc. among other things, is in the business of supplying various manufacturing tools for the manufacturing industry. The Defendant employs nationally over two hundred fifty (250) people.

7. Defendant, Seco Tools, Inc. is a wholly owned subsidiary of Defendant, Sandvik, Inc. and collectively they constitute a single integrated enterprise and/or a joint employer.

8. Defendant Sandvik, Inc. is a corporation created and existing under the laws of the State of Delaware.

9. Defendant, Sandvik, Inc. is authorized to conduct business in the Commonwealth of Pennsylvania.

10. Defendants, Sandvik, Inc. and Seco Tools, Inc. d/b/a Seco Tools USA (collectively

Defendant, "Seco Tools") are headquartered at 2805 Bellingham Drive, Troy MI 48083, in the state of Michigan.

11. Defendants, Seco Tools, Inc. and Sandvik, Inc. share an HR Department.

### *Jurisdiction and Venue*

12. Plaintiff incorporates paragraph one through eleven of his Complaint as if set forth more fully at length herein.

13. The Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 621 et seq., 29 U.S.C. § 2601, et seq. and 42 U.S.C. § 12101, et seq.

### *Venue*

14. Plaintiff incorporates paragraph one through thirteen of his Complaint as if set forth more fully at length herein.

15. Venue in the Western District of Pennsylvania is proper as Plaintiff works from his home office which is located in this District and both Defendants have significant continuous and systematic business contacts within the Commonwealth of Pennsylvania and are authorized to do business in this state.

### *Factual Allegations*

16. Plaintiff incorporates paragraph one through fifteen of his Complaint as if set forth more fully at length herein.

17. Plaintiff was originally hired by the Defendant, Seco Tools on June 17, 1974 as a Machinist Apprentice. He was later promoted to a Technical Sales Representative.

18. Plaintiff called on a number of accounts for companies such as Wabtec in Erie.

19. At the time of his termination his base salary was $100,000.00/year.

20. At all times relevant to this Complaint, the Plaintiff was approximately between sixty-five (65) and sixty-six (66) years old, had forty-eight (48) years of service with the Defendant and was Defendant's longest serving and oldest employee.

21. In May, 2018, one Dave Sonner was hired by the Defendant, Seco Tools as a Supervisor.

22. Initially, Mr. Sonner and the Plaintiff had little interaction. Later, they appeared to enjoy a positive work relationship, however in September of 2020, Mr. Sonner's attitude and treatment of Plaintiff notably changed to the point that in an email dated November 19, 2021, Mr. Sonner advised other management employees of Defendant, Seco Tools including a Richard Holloway, Plaintiff's immediate Supervisor, that they should "...explore termination."

23. In an email dated November 23, 2021, to one Stacey Danna, Defendant Seco Tool's HR Manager, Mr. Sonner memorializes a conversation he had with her that day regarding Plaintiff, Randy Barnes and that he planned on updating Robert Keenan, the Defendant, Seco Tool's President, regarding the Plaintiff's employment.

24. On January 22, 2022, Mr. Sonner implemented a "mentoring" program to allegedly assist the Plaintiff in better performing his duties by "...living our Seco Employee Values."

25. In his November 19, 2021 email, Mr. Sonner alleged he had examples and written documentation that the Plaintiff was not "...living our Seco Employee Values."

26. Prior to Mr. Sonner's complaint, the Defendant, Seco Tools had recognized the Plaintiff as a top Salesman on several occasions.

27. In February, 2022, the Plaintiff was told by a manager, one Robert Summers that the company wanted to hire younger employees at 50% of Plaintiff's base salary and who could be molded in the "Seco way."

28. On March 14, 2022 and effective on March 28, 2022, Plaintiff was approved for twelve (12) weeks paid leave effective March 28, 2022 under the FMLA (to June 20, 2022), however, based on the doctor's report, Plaintiff's salary continuation leave was approved through September 14, 2022, with an expected return to work of September 15, 2022. This was later adjusted to September 26, 2022.

29. The Plaintiff was granted leave for disabling mental and physical health issues.

30. The additional leave beyond twelve (12) weeks constituted approximately twenty-six (26) weeks of FMLA benefits offered by the Defendant, Seco Tools to its employees, during any twelve (12) month period.

31. On August 16, 2022 an email from one Teboney White to HR Manager Stacey Danna, indicated that Plaintiff would be terminated as of September 27, 2022, despite being on approved leave.

32. This email was forwarded to company President Robert Keenan and Dave Sonner by HR Manager Stacey Danna on August 17, 2022.

33. In her forwarding email, HR Manager Stacey Dana included her own FYI to Mr. Keenan and Mr. Sonner wherein she advised them that she is not sure of the September 27, 2022 termination date, due to the Defendant Seco Tool's additional FMLA extension period. She states "[a]dditionally, if he can prove there is a likely probability of return to work in the near future (within three (3) months) we may likely keep him active. The decision of probability to return to work, will be based on any information provided by Randy or his treating physicians. The precedence with others in similar circumstances at Seco were given an additional 3 months to return, without termination. The need for consistency is critical." [sic].

34. The additional three (3) months of leave constituted a voluntary extension of FMLA benefits by the Defendant, Seco Tools.

35. The Defendant, Seco Tool's management recognized that it had set a "precedent" of providing this additional FMLA benefit to "others in similar circumstances at Seco [who] were given an additional three (3) months to return, without termination." [sic].

36. While on the additional ninety (90) day FMLA extension, Plaintiff sent an email to HR Manager Stacey Danna on November 30, 2022 asking her that if his doctor released him at his next appointment, what was the next step for returning to work.

37. Within the additional ninety (90) day extension period (September 27 to December 26, 2022), the Plaintiff exercised his additional FMLA benefit pursuant to the Defendant, Seco Tool's precedent, by providing the Defendant on December 15, 2022, a Release to Full Duty Work effective December 19, 2022.

38. The Release was signed by one of his treating healthcare providers and approved the Plaintiff's return to full duty.

39. Despite the Plaintiff's compliance with the Defendant's FMLA policy, the Defendant's salary continuation was ended on November 18, 2022. He received his final check for accumulated benefits on December 22, 2022 and remains terminated.

40. All other, younger employees in similar circumstances as Plaintiff were granted the additional extension and were able to return to work with a medical release.

41. Plaintiff believes and therefore avers that the following younger employees were granted the additional FMLA and returned to work:

                Earl McMann

                Gail Sterkes

                Tom White

                Jake Cole

42. Plaintiff believes and therefore avers, that during his forty-eight (48) year tenure with the Defendant, there were many more employees who were granted the additional FMLA extension benefit.

43. Additionally, upon Plaintiff's termination, although he was not replaced, his accounts were divided among younger workers earning in some cases 50% less than what Plaintiff was earning.

44. Plaintiff filed a timely charge with the Equal Employment Opportunity Commission alleging various claims of discrimination in his charge.

45. On or about October 30, 2023, Plaintiff received a "Right to Sue" letter form the EEOC.

## COUNT I

### Violation of Family and Medical Leave Act
### 29 U.S.C. § 2601 et seq.

*Plaintiff v. Defendant, Seco Tools*

46. Plaintiff incorporates paragraph one through forty-five of his Complaint as if set forth more fully at length herein.

47. The FMLA requires an Employer such as Defendant to provide Family and Medical Leave on account of major health related family or personal issues. 29 U.S.C. § 2612.

48. The FMLA requires Employer to provide twelve (12) weeks of unpaid leave and a combined total of twenty-six (26) work weeks during any one twelve (12) month period.

49. In this case, Plaintiff was provided the combined twenty-six (26) work weeks leave, paid, pursuant to the FMLA, on March 28, 2022.

50. However, the Defendant voluntarily offered an additional ninety (90) day period of extension of paid leave with the caveat that the employee provide a medical release within the ninety

(90) day period releasing the employee to full duty work before an expiration of the ninety (90) day period.

51. Plaintiff is an eligible employee under the FMLA.

52. Defendant is a covered employer required to provide FMLA leave.

53. On March 14, 2022 the Plaintiff applied for an was approved for twenty-six (26) weeks of leave effective March 28, 2022 through September 26, 2022.

54. On August 17, 2023, prior to be expiration of the initial FMLA paid leave, the Defendant's HR Manager, Stacey Danna acknowledged that based on precedent, the Plaintiff was entitled to an additional ninety (90) days of leave.

55. During the ninety (90) day extension, the Plaintiff obtained a work release statement indicating he could return to full duty work as of December 19, 2022.

56. The date of the medical release and the return to work date were both within the ninety (90) days of the Defendant's FMLA extended leave as per its precedent.

57. The failure to reinstate the Plaintiff to his position constituted a violation of 29 U.S.C. § 2615(a)(1) and (2).

58. As a result, the Plaintiff is entitled to the remedies provided for under 29 U.S.C. § 2617.

WHEREFORE, Plaintiff respectfully requests judgement in his favor and against Defendant, Seco Tools and that the court award damages as authorized pursuant to Section 2617 of the FMLA, together with costs of suit, including attorney fees.

## COUNT II

### Violations of Title I of the Americans with Disabilities Act
### Discrimination, Terms, Conditions, and Privileges of Employment
### 42 U.S.C. § 12101, et seq.

#### *Plaintiff v. Defendant, Seco Tools*

59.     Plaintiff incorporates paragraph one through fifty-eight of his Complaint as if set forth more fully at length herein.

60.     Title I of the ADA prohibits "discriminat[ion] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

61.     Defendant, Seco Tools violated the ADA by the following acts under/or omissions:

   1.   Failing to provide its extended FMLA precedential and customary policy to the Plaintiff resulting in his termination on account of his disability; and

   2.   Terminating the Plaintiff, who had been disabled, in violation of its own FMLA policy when the Plaintiff complied with the policy and obtained a medical release to return to work full duty as of December 19, 2022.

62.     Plaintiff is qualified individual under the ADA.

63.     Defendant, Seco Tools is a covered Employer under the ADA.

WHEREFORE, Plaintiff demands judgement in his favor and against Defendant and that the court award damages as authorized under the ADA, together with court costs including attorney fees.

## COUNT III

**Violation of the Americans with Disabilities Act
Failure to Provide Reasonable Accommodations
42 U.S.C. § 12101 et seq.**

*Plaintiff v. Defendant, Seco Tools*

64. Plaintiff incorporates paragraph one through sixty-three of his Complaint as if set forth more fully at length herein.

65. Title I of the ADA prohibits an employer from failing to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity[.]" 42 U.S.C. § 12112(b)(5)(A). Moreover, an employer may not deny "employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee[.]" 42 U.S.C. § 12112(b)(5)(B).

66. Defendant, Seco Tools violated the ADA by failing to provide reasonable accommodations by the following acts and/or omissions:

   1. Failing to provide its extended FMLA precedential and customary policy to the Plaintiff; and

   2. Terminating the Plaintiff, who had been disabled, in violation of its own FMLA policy when the Plaintiff complied with the policy and obtained a medical release to return to work fully duty on December 19, 2022.

WHEREFORE, Plaintiff demands judgement in his favor and against Defendant and that the court award damages as authorized under the ADA, together with court costs including attorney fees.

## COUNT IV

### Age Discrimination in Employment Act
### 29 U.S.C. § 621, et seq.

*Plaintiff v. Defendant, Seco Tools*

67. Plaintiff incorporates paragraph one through sixty-six of his Complaint as if set forth more fully at length herein.

68. Defendant, Seco Tools engaged in a practice of discriminating against the Plaintiff on account of his age in the following acts and/or omissions:

   1. Failing to allow the Plaintiff to utilize the extended FMLA leave policy and retain his job when younger employees similarly situated were permitted to utilize the policy and return to work after a disability.

   2. Terminating the Plaintiff under the pretext that Plaintiff did not meet the Seco employee values, when the Defendant, Seco Tools intended to terminate the Plaintiff and replace him with younger workers earning approximately 50% of his pay and/or redistribute his accounts to lesser paid younger workers.

WHEREFORE, Plaintiff demands judgement in his favor and against Defendant and that the court award damages as authorized under the ADA, together with court costs including attorney fees.

## COUNT V

### Retaliation Under the FMLA

### 29 U.S.C. § 2607, et seq.

*Plaintiff v. Defendant, Seco Tools*

69. Plaintiff incorporates paragraph one through sixty-eight of his Complaint as if set forth more fully at length herein.

70. The Defendant, Seco Tools retaliated against the Plaintiff on account of his exercise of his rights under the FMLA by violation of its own FMLA policy and terminating the Plaintiff.

WHEREFORE, Plaintiff demands judgement in his favor and against Defendant and that the court award damages as authorized under the FMLA, together with court costs including attorney fees.

RESPECTFULLY SUBMITTED,

FILIPPI LAW, P.C.

DATE: 1-29-24        By: _____
Richard E. Filippi, Esquire
PA. I.D. No. 66525

FILIPPI LAW, P.C.
4TH & FRENCH STREETS
102 EAST 4TH STREET
ERIE, PA. 16507
(814) 874-0558

*Attorney for Plaintiff.*

**JURY TRIAL DEMANDED.**