## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDY BARNES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **Case No. 1:24-cv-26** |
| v. | ) | |
| | ) | |
| SECO TOOLS INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

In this civil action, Plaintiff Randy Barnes, a former employee of Seco Tools, Inc. ("Seco") and, later, Sandvik, Inc. ("Sandvik"), has sued Seco and Sandvik for alleged violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§2601, *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§12101, *et seq.,* and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq.*.  In his complaint, Plaintiff asserted five causes of action:  a claim alleging interference with rights under the FMLA (Count I); an ADA claim alleging discriminatory failure to extend disability leave under existing company policy (Count II); an ADA claim alleging failure to accommodate the Plaintiff's disability (Count III); a claim alleging discrimination under the ADEA (Count IV); and a claim alleging retaliation in violation of the FMLA (Count V).  The case was referred to Chief United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. §636(b)(1), and the Local Rules for Magistrate Judges.

On July 14, 2025, Defendants filed a motion for summary judgment on all claims in the complaint.  ECF No. 35.  The motion has been fully briefed and is now ripe for adjudication.

1

On February 10, 2026, Judge Lanzillo issued a Report and Recommendation ("R&R") in which he opined that Defendants' motion should be granted.  *See* ECF No. 46.  As to Count I, the Chief Magistrate Judge concluded that Plaintiff's "interference with FMLA rights" claim failed as a matter of law because there was no dispute Plaintiff had received the benefits afforded by the Act.  As to Count V, Judge Lanzillo found that Plaintiff could not prevail on his FMLA retaliation claim because there was insufficient evidence to establish a causal link between the Plaintiff's protected activity and the termination of his employment.  Next, Judge Lanzillo concluded that Counts II and III failed as a matter of law because Plaintiff had not exhausted his administrative remedies relative to his ADA claims.  As to Plaintiff's ADEA claim in Count IV, Judge Lanzillo perceived that Plaintiff was alleging two types of age-based discrimination: (i) being refused an opportunity to utilize an extended FMLA leave policy and retain his job, and (ii) being fired and replaced by a younger worker(s).  As to these allegations, Judge Lanzillo concluded that the record could not support an inference that similarly situated younger employees were treated more favorably than Plaintiff.  Additionally, Judge Lanzillo found that the hiring of a younger employee some fourteen months after Plaintiff's termination could not reasonably support an inference that Plaintiff's termination was age-motivated.

Plaintiff has filed objections that relate solely to his ADEA claim in Count IV.  ECF No. [49].  Relevantly, Judge Lanzillo opined in his R&R that Plaintiff had not established a *prima facie* case of discrimination under the ADEA because he did "not identify any direct evidence of age discrimination, such as age-related remarks," ECF No. 46 at 27, and did not otherwise show that similarly situated younger employees were treated more favorably.  *Id*. at 27-28.  Plaintiff disputes the assertion that he did not identify any direct evidence of age discrimination "such as

2

age related remarks," arguing this is "contrary to the evidence presented." ECF No. 49 at 3. According to Plaintiff,

> the genesis of the Defendants' decision to terminate him could be found in an email from David Sonner to one Jere Knisely dated March 22, 2019 . . . At a time when [Plaintiff] was approximately 63-years old and a 40 plus year employee, Sonner states to Knisely, "**I hope** you are right about him **retiring in 12 months.** He is a good salesman but not a team player. We are building a **<u>new</u>** team that will be effective and enjoy helping each other." . . .

> Therefore, his direct supervisor, who knew his age and years of service was hoping that he would retire soon to make way for a new, presumably younger team. This is the context in which later emails must be viewed. Although the comment is not near or temporal to the date he was terminated, it begins a series of pretextual actions designed to lead to [Plaintiff's] discharge. As the evidence disclosed, when [Plaintiff] did not retire as hoped, Sonner then wrote Dan Sikora an email dated November 19, 2021 in which he stated:

>> "[t]hat Rich and I are at the end of our professional rope with Randy Barnes. We would like to explore termination...We realize that actions like this are sensitive and need to be properly planned." . . .

> In accordance with that intention, a plan was conceived which was described as an Employee Improvement Plan. In reality this was a pretext to fire the seasoned veteran of over 45 years of service to the company. His statement that actions like these are "sensitive" and "need to be properly planned," belies the intent to fire [Plaintiff] because of his age.

> As this plan was proceeding, [Plaintiff] complicated things by taking FMLA leave in March, 2022. Later, he learned of Stacy Danna's email of August 17, 2022 in which she discussed the 90 day extension after salary continuation ended. [Plaintiff] then relied on this plan and was ultimately terminated even after producing a clean bill of health to return to work. It is noteworthy also that [Plaintiff's] salary continued well after he was terminated on September 27, 2022. Accordingly, a jury could conclude that the plan to terminate [Plaintiff] was hatched when Sonner began to wish for [Plaintiff's] retirement. Later events intervened but this is the prism through which the Defendants' employment decision should be viewed.

ECF No. 49 at 3-5 (emphasis in the original). Plaintiff cites *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000), as a decision that is instructive regarding the proper analysis of his claim. He posits that, while Mr. Sonner's March 22, 2019 statement was made some three years prior to his termination, "when read in the context of other evidence developed in the next three (3) years," it establishes a genuine issue of fact as to whether his termination was age-related. *Id.* at 6.

This line of argument lacks merit.  Unlike Plaintiff, the undersigned does not view Mr. Sonner's March 22, 2019 email as direct evidence of age-related animus.  Rather, his comments expressed dissatisfaction with Plaintiff's perceived inability to function as a "team player" who would help out his fellow employees.  Further, Mr. Sonner's hopefulness that Plaintiff would retire, and his expressed intention to build a "new" team, do not necessarily reflect an intent to utilize only younger employees at the expense of older ones.  Nor do Mr. Sonner's comments in his November 19, 2021 email reflect a bias against older employees.  His recognition that a termination is "sensitive" and needs to be "properly planned" does not, as Plaintiff claims, belie an intent to fire him *because of his age*.  Thus, this case is materially distinguishable from *Reeves v. Sanderson Plumbing Products, Inc.*, wherein the de facto corporate decisionmaker had told the plaintiff he "was so old [he] must have come over on the Mayflower" and "was too damn old to do [his] job."  530 U.S. at 151-52 (alterations in the original).  Here, the evidence of age-related animus was simply too weak to support a reasonable inference that Plaintiff was discriminated against because of his age.

Now, after *de novo* review of the documents in the case, including the Defendants' motion for summary judgment, all filings related thereto, the Chief Magistrate Judge's R&R, and Plaintiff's objections to the R&R,

IT IS ORDERED, this 19th day of March 2026, that the Defendants' motion for summary judgment, ECF No. [35], is GRANTED.  Accordingly, an Order of Judgment shall be entered in favor of Defendants Seco Tools Inc. and Sandvik Inc. and against Plaintiff Randy Barnes as to all claims in the Complaint, pursuant to Rule 58 of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that the Report and Recommendation issued by Chief U.S. Magistrate Judge Lanzillo on February 10, 2026, ECF No. [46], is adopted as the opinion of this

4

Court.  Plaintiff's objections to the Report and Recommendation, ECF No. [49], are OVERRULED.

There being no additional claims pending before the Court in this matter, the Clerk is directed to mark the within civil action "CLOSED."

SUSAN PARADISE BAXTER
United States District Judge

5